# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 11, 2023

**BY ECF**

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Room 1506
New York, New York 10007

Re:   **United States v. Sergio Nolasco**
      **16 CR 0301 (RA)**

> Application granted. Mr. Nolasco's
> remaining term of his supervised release
> shall be terminated.
>
> SO ORDERED.
>
> Ronnie Abrams, U.S.D.J.
> January 24, 2023

Dear Judge Abrams:

Sergio Nolasco, through undersigned counsel, respectfully presents this letter in support of his request for early termination of supervised release.  To date, Mr. Nolasco has completed nearly three years of his five-year term of supervised release.  His performance during this period has been so extraordinary, in fact, that he was placed on low-intensity supervision back on May 5, 2021, just over one year into his supervised release term.  There is no clearer indicator of trust on behalf of the United States Probation Department than placement on low-intensity supervision.

At 52 years old, Mr. Nolasco is committed to having no further involvement with the criminal justice system.  He has a new wife, three grandchildren, and an elderly mother who all need his full time and attention.  Terminating the remaining term of his supervised release would provide the flexibility that he needs to be fully present for them; particularly for his mother, who he attests suffered a stroke in October 2021 and lives alone in Florida.  It is with these things in mind that Mr. Nolasco respectfully asks the Court to grant the requested relief.

## I.   <u>Background</u>

On August 25, 2015, Mr. Nolasco was arrested in connection with his involvement in a drug trafficking conspiracy.  He was released on bond two days later and has been out of custody since that date.   According to the presentence investigation report, Mr. Nolasco remained compliant with all terms of his pretrial supervision and was not viewed as a flight risk or a danger to the community.  *See* Doc. 30 at 26.

On June 30, 2016, Mr. Nolasco pled guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Marijuana, one count of Possession of a Firearm in Relation to a Drug Trafficking Crime, and one count of being a Felon in Possession of a Firearm. The Court ultimately sentenced him to time served, followed by five years of supervised release on each count, all to run concurrently.  *See* Doc. 35.  Mr. Nolasco has been on supervised release since February 6, 2020, and was moved to low-intensity supervision on May 5, 2021.  Importantly, Mr. Nolasco has had no new arrests or reported violations during his supervised release term, and he has fulfilled all financial obligations.

For the past seven years (pretrial plus supervised release), Mr. Nolasco has shown himself to be a trustworthy and independent individual who no longer needs Court oversight or the resources of the Probation Department.  Since November 2015, Mr. Nolasco has been steadily employed as a transportation aide with the Regency Memory Care Club in River Edge, New Jersey. *See* Kristi McKenna's Letter of Employment.  In this role, he is entrusted with the care of some of our country's most vulnerable members.  Indeed, Regency Memory Care Club is a senior care facility specifically for those suffering from Alzheimer's and Dementia.  *See* [Memory Care Club in NJ helps people with Alzheimer's and Dementia - YouTube](#).

While Mr. Nolasco is able to provide support to strangers on a daily basis at work, the choices he has made in the past have unfortunately limited his ability to care for his own family. Per Mr. Nolasco, his mother -- who is 72 years old and lives alone in Fort Myers, Florida -- suffered a stroke in October 2021 due to a blood clot. Although Mr. Nolasco has two sisters who live in Florida, they do not live in the immediate area of their mother and are not as close with their mother as Mr. Nolasco. As such, Mr. Nolasco feels a great deal of responsibility to be present in Florida as much as possible, so he can help care for and take his mother to medical appointments. In an ideal scenario, he would like to travel down there at least once per month and, if necessary, at a moment's notice. With the restrictions of supervised release, however, Mr. Nolasco does not have this type of flexibility. Understandably, he is fearful of one day receiving a call about his mother being in medical distress and him not being able to get to her in time. It is for this primary reason that he seeks early termination of his supervised release.

Undersigned counsel has conferred with the probation office in the District of New Jersey, where Mr. Nolasco is currently being supervised. Probation Technician Brendan Murillo represents that his office does not take a position on early termination until after such a motion is filed.

## II.   The Court has Discretion to Terminate Supervision Early

The decision whether to grant early termination of supervised release lies in the discretion of the district court. *See United States v. Sheckley*, 1997 WL 701370, at *1 (2d Cir. 1997) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Under 18 U.S.C. § 3583(e), the Court must first consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for deterrence and rehabilitation. After considering the sentencing factors, the Court may

terminate supervision at any time after the expiration of one year, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  Notably, the United States Sentencing Guidelines encourage courts to exercise their authority to terminate supervised release early in appropriate cases.  *See* U.S.S.G. § 5D1.2, cmt. (n.5).  Appropriate cases for early termination include those in which a defendant demonstrates a change in circumstances or exceptionally good behavior that renders a previously imposed supervision term unduly harsh or inappropriately tailored.  *See Lussier*, 104 F.3d at 36.

**III.**    **No Further Supervision is Warranted in this Case**

The need for further supervision in this case has run its course.  Due to Mr. Nolasco's exceptionally good behavior, he was transferred to low-intensity supervision nearly two years ago, sending a clear signal that there is a belief on the part of the Probation Office that Mr. Nolasco is no longer in need of the resources that their Office can provide.  *See United States v. Trotter*, 321 F. Supp. 3d 337, 364 (E.D.N.Y. 2018) ("A Low Intensity Unit' was created in this district to reduce burdens for some.  One of the goals of this program is to permit supervision officers to focus their time and efforts on . . . cases in need of closer supervision, while relieving them of cases that require little supervision. . . .  When the assessment indicates that . . . the offender is likely to remain crime free and to comply with all other conditions without further interventions by the officer, the case should be supervised under . . . low intensity standards.").  Indeed, he has been steadily employed for the past seven years, he has a stable home in which to reside, and he has had no new reported arrests or violations.  In short, the goals of supervision have been met. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life.").

In addition to his exceptionally good behavior, changed circumstances warrant early termination of supervision.  As discussed above, Mr. Nolasco reports that his mother suffered a stroke in October 2021, which leaves him concerned about her long-term health.  This could not have been foreseen at the time of Mr. Nolasco's sentencing.  Given this new development, however, the current conditions of release, which restrict his ability to visit his mother in Florida without advance notice and approval, have become unduly burdensome.  One can imagine the realistic scenario where Mr. Nolasco receives a call about his mother's quickly declining health, only to be at the mercy of Probation and/or the Court's availability to hear, consider, and issue a decision on his request to travel.  Furthermore, even in the absence of an emergency, having to wait on approval before purchasing a flight to Florida has proven to be a financial barrier for Mr. Nolasco.  He thus asks the Court for relief in the form of early termination of supervised release.

Considering that Mr. Nolasco has completed over half of his supervised release term, has been on low intensity supervision for nearly two years, has had no reported violations, and is gainfully employed, early termination of supervised release is justified under 18 U.S.C. § 3583(e) and in the interests of justice.  *See United States v. Cummings*, 2017 WL 946349, at *1 (S.D.N.Y. Mar. 7, 2017) ("The defendant has completed approximately three-and-a-half years of his five year term of supervised release.  The defendant has been on 'low-intensity' supervision for more than a year.  It is undisputed that the defendant has complied with all of the conditions of his supervised release.  The defendant is fully employed.  The defendant's probation officer and the Government do not oppose the motion.  A continued period of supervision is unnecessary for deterrence, protection of the public or to reflect the seriousness of the offense for which the defendant has already completed a substantial prison term and [more than] half the period of supervised release.

Under all of the circumstances, a termination of supervised release is warranted by the conduct of the defendant and the interest of justice.").

**IV.** **Conclusion**

For all of the reasons stated herein, including Mr. Nolasco's exceptionally good behavior while on supervision and his need to travel to Florida to assist his mother, Mr. Nolasco respectfully asks the Court to terminate the remaining term of his supervised release.

Respectfully Submitted,

Kristoff I. Williams
Assistant Federal Defender
Federal Defenders of New York
(212) 417-8791

Cc: Brendan Murillo, U.S. Probation Technician (brendan_murillo@njp.uscourts.gov)

# EXHIBIT 1

(Letters of Support Submitted to Court)